## WILLIAM CHAPIN v. HANNAH A. BROWN.

1. JUSTICES COURTS; *Change of Venue.* Where a defendant makes an application in a justice's court for a change of venue, but does not pay or offer to pay any costs, and does not confess or offer to confess a judgment for any costs, although his attention is called to the matter by the plaintiff, the justice may rightfully overrule the application.

2. ——— *Bill of Particulars; Party in Interest.* The plaintiff's bill of particulars in a justice's court commenced as follows: "Now comes the said plaintiff and *claims the said defendant is indebted to plaintiff* in the sum of $124.30, as follows, to-wit;" and the bill of particulars then set forth a good cause of action ·in favor of the plaintiff's son and against the defendant for work and labor; but it did not state how

or why the plaintiff, who is a woman, was entitled to her son's wages; and the bill of particulars was signed as follows: "H. A. B. by T. W. W. her agent." No objection was made to said bill of particulars in the justice's court, but the action was prosecuted *and defended* therein as though the bill of particulars was sufficient in every respect, and judgment was rendered for the plaintiff—and thereupon the defendant took the case on petition in error to the district court, where the judgment of the justice was affirmed: *Held*, Under the circumstances of this case, that the district court did not err in affirming the judgment of the justice of the peace.

*Error from Crawford District Court.*

BROWN recovered a judgment against *Chapin* before a justice of the peace, and said judgment was affirmed by the district court at the September Term 1874. *Chapin* brings the case here on error.

*John T. Voss*, for plaintiff in error, contended, "1st, That plaintiff's petition was not signed by her, nor her attorney; (Gen. Statutes, page 650, § 107;) 2d, no cause of action was or is stated in the petition; 3d, the change of venue should have been granted; and 4th, as plaintiff's petition stands, without amendment, she has no right of recovery."

The opinion of the court was delivered by

VALENTINE, J.: This action was originally commenced before a justice of the peace. Hannah A. Brown was the plaintiff, and William Chapin was the defendant. Judgment was rendered in the justice's court in favor of the plaintiff, and the defendant then took the case to the district court on petition in error. The judgment of the justice's court was affirmed in the district court, and the defendant now brings the case to this court. Two principal questions are presented in this court. 1st, Did the justice err in refusing to grant the defendant a change of venue? 2d, Did the plaintiff's bill of particulars in the justice's court state facts sufficient to constitute a cause of action?

I. We think the justice did not err in refusing to grant the defendant a change of venue. Section 78 of the justices

act provides that, "before any such change shall be allowed, the costs, as specified in the next following section, shall be paid by the party applying for such change, or he shall have confessed a judgment therefor before the justice granting the change." (Gen. Stat. 792.) And the next following section provides that when the change is granted "on the application of the defendant he shall be taxed with the costs which have accrued for issuing subpœnas to witnesses, and service thereon, witness fees, and costs of the justice for transferring the cause to the docket of the other justice." (Gen. Stat. 793, § 79.) Now the defendant in this case did not pay nor offer to pay said costs, nor any costs; and did not confess nor offer to confess a judgment for them, although his attention was called to the matter by the plaintiff.

II. The plaintiff's bill of particulars commences as follows: "Now comes the said plaintiff and *claims the said defendant is indebted to plaintiff* in the sum of $124.30, as follows, to-wit." Then there is set forth in the bill of particulars a good cause of action in favor of the plaintiff's son, and against the defendant, for work and labor; but it is not stated how or why the plaintiff is entitled to her son's wages. The bill of particulars is then signed as follows: "Hannah A. Brown, by Thomas W. Wells her agent." No objection was made to the plaintiff's bill of particulars in the justice's court. No claim was there made that it did not state facts sufficient to constitute a cause of action, or that the plaintiff was not the real party in interest, or that there was a defect of parties plaintiff, or that the bill of particulars was not properly signed. On the contrary, the case was prosecuted and defended as though the bill of particulars was sufficient in every respect. The defendant first moved for a change of venue, and when that was overruled he then appeared at the trial and cross-examined the plaintiff's witnesses, and never once suggested to the justice that the plaintiff's bill of particulars was in any respect defective. Indeed, the claim that the bill of particulars was not properly signed is raised for the first time in this court by counsel's brief. About the

only defect in the bill of particulars is, that it does not state why or how the plaintiff is entitled to her son's wages. But it does state that the plaintiff claims "the said defendant is indebted to plaintiff" for such wages. Under the circumstances of this case we do not think that the district court erred in affirming the judgment of the justice, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.